Carl David BUTLER, Appellee,

v.

**OKLAHOMA HORSE RACING COMMIS-
SION, and Board of Stewards of Rem-
ington Park, Appellants.**

No. 75665.

Supreme Court of Oklahoma.

May 17, 1994.

Monte Strout, Tahlequah and Carl David Butler, Stilwell, for appellee.

Susan Brimer Loving, Atty. Gen. and Rabindranath Ramana, Asst. Atty. Gen., Oklahoma City, for appellants.

SIMMS, Justice:

■ Appellants, Oklahoma Horse Racing Commission (the Commission) and Board of Stewards of Remington Park (the Stewards) appeal the judgment of the district court which affirmed but modified sanctions imposed by the Commission against Carl David Butler. The Commission had imposed the sanctions pursuant to the recommendation of the Stewards after a finding of violations of the Rules of Racing (Pari–Mutuel Edition) of the Commission.[1]

The Court of Appeals affirmed the district court order on the grounds that the Stewards exceeded their "jurisdiction" or authority in recommending the sanctions to the Commission. We granted certiorari to consider the first impression question regarding the authority of the Stewards and the Commission to impose sanctions on horse trainers. Because we find the Commission had authority to suspend Butler for five years and fine him $5,000.00 even though it was his first violation of the Rules of Racing, the opinion of the Court of Appeals is vacated and the judgment of the district court is reversed.

Butler is a horse trainer licensed by the Commission to race horses in Oklahoma since 1987. He entered a horse which placed second in a race at Remington Park, a horse racing facility in Oklahoma City. Pursuant to the Rules of Racing of the Commission, a urine sample was taken from the horse and sent for testing. The test was positive for Etorphine, an opium derivative and a Schedule II Substance under the Federal Controlled Substance Act and the State Uniform Controlled Dangerous Substance Act. Etorphine, which works as a stimulant in horses, is considered extremely potent and requires additional control procedures over and above those required for other Schedule II substances. Thus, it is banned from use in race horses.

Upon learning of the positive findings of Etorphine in Butler's entry, the Stewards immediately placed Butler on summary suspension and barred him from any racetrack enclosures including the public areas coming under the Commission's jurisdiction. The Stewards also gave Butler notice to appear before them to answer charges that he violated numerous Rules of Racing pertaining to the illegal drug. Pursuant to his rights under the racing rules, Butler requested another test called a split sample drug test which likewise indicated the presence of Etorphine. After conducting the hearing, the Stewards found Butler in violation of Rules of Racing Rule 604 (Drugs or Medication)[2] and Rule 902 (Trainer Responsibility)[3].

The Stewards then concluded that due to the potency of the drug, the sanctions that

1. The Rules of Racing (Pari–Mutuel Edition) of the Commission are rules promulgated by a state agency. Thus, this Court must take judicial notice of all such Rules of Racing. 75 O.S.1991, § 252; *Lone Star Helicopters, Inc. v. State*, 800 P.2d 235 (Okla.1990).

2. During the relevant time period, Rule 604 (now renumbered Rule 325:45–1–4 of the Commission's Rule of Racing (Pari–Mutuel Edition)) provided, in pertinent part:

"Except as authorized by the provisions of this Article, no drug or medication shall be administered to any horse prior to or during any race. Presence of any drug or its metabolites or analogs, any substance foreign to the

natural horse, or Furosemide (Lasix) exceeding the Commission-established tolerance level found in the testing sample of a horse participating in a Commission-sanctioned race shall result in disqualification by the Stewards."

3. Rule 902 (now renumbered as 325:35–1–5) provides, in pertinent part:

"(a) The Trainer is presumed to know the rules of racing and is responsible for the condition, soundness, and eligibility of the horses s/he enters in a race. The Trainer shall conduct his/her business of training racehorses with reasonable care and skill and in a humane manner, and with due regard to the interests of his/her owners and to the safety of employees and agents and of the horses in

they are authorized to impose under Rule 408, *infra*, were insufficient for Butler's case. Thus, they referred the matter to the Commission with the recommendation that Butler be suspended a minimum of five (5) years and fined a minimum of Five Thousand Dollars ($5,000.00). There is some indication from the record that Butler appealed the Stewards' determination to the Commission. However, the record does not contain a Petition for Appeal required by Rule 821 to be filed when appealing the Stewards' decision.[4] Nevertheless, whether or not Butler actually appealed the Stewards' determination is irrelevant because the Stewards were authorized to refer the matter to the Commission with or without Butler's appeal as will be seen below.

The Commission affirmed the Stewards' findings and conclusions and accepted the recommendation that Butler be suspended for five years and fined $5,000.00. Pursuant to 75 O.S.1981, § 318 of the Administrative Procedures Act (APA), 75 O.S.Supp.1989, § 250 et seq., Butler appealed the Commissions' final order to the district court for judicial review.

Before the district court, Butler did not take issue with the finding that he was in violation of racing rules. His only quarrel was with the degrees of sanction for this, his first, violation. He asked the district court to modify or vacate the suspension and fine. The district court determined that since the violation was Butler's first, the maximum punishment the Stewards could impose or recommend under Rule 408 of the Rules of Racing was a suspension for one (1) year and

a fine of two thousand five hundred dollars ($2,500.00). Rule 408, entitled "Jurisdiction Of Stewards To Suspend Or Fine", provides in pertinent part:

\*     \*     \*     \*     \*     \*

"The Stewards may deny, refuse to issue, or refer to the Commission for revocation, or suspend for not more than one year per violation the occupation license of any person whom they have the authority to supervise; or they may impose a fine not to exceed $2,500.00 per violation; or they may exclude from all enclosures in this State; or they may suspend and fine and/or exclude; or they may order that a person be ineligible for a license. All such suspensions, fines, denials, refusals to issue, referrals or exclusions shall be reported immediately to the Commission.

Upon a first offense for the following rule violations, the Stewards shall assess no less than the Stewards' maximum fine and suspension authorization to any person found to be in violation of Commission rules concerning (1) a positive laboratory report involving a Schedule I or II controlled substance or Buprenorphine, ... Any person whose racing record(s) reflects prior such violation(s) shall, upon a subsequent violation, be referred by the Stewards to the Commission with the Stewards' recommendation for specific fine and suspension above the Stewards' authorized fine and suspension maximums."[5]

Consequently, under the authority granted in 75 O.S.1981, § 322, the district court affirmed but modified the order of the Com-

---

his/her care. *Should the chemical analysis, urine or otherwise, taken from a horse under his/her supervision show the presence of any drug or medication of any kind or substance, whether drug or otherwise, regardless of the time it may have been administered, it shall be taken as prima facie evidence that the same was administered by or with the knowledge of the Trainer or person or persons under his/her supervision having care or custody of such horse. At the discretion of the Stewards or Commission, the Trainer and all other persons shown to have had care or custody of such horse may be fined or suspended or both....*" (Emphasis added)

**4.** Rule 821 (now renumbered 325:70–1–23) provides for appeals to the Commission of any decision by the Stewards. The rule further requires an appellant to use a designated form called "Petition for Appeal" when filing an appeal. No such Petition for Appeal appears in the record of this case.

**5.** Rule 408 has now been renumbered in the Commission's Rules of Racing (Pari–Mutuel Edition) as Rule 325:1–1–7.

mission by reducing the suspension to one year and the fine to $2,500.00. The Commission and the Stewards appeal the district court judgment and urge this Court to reverse the order of the district court and reinstate the five year suspension and $5,000.00 fine imposed by the Commission.

■ The basis of the appeal by the Commission and the Stewards is that the district court erred in finding the Stewards went beyond their jurisdiction in referring the matter to the Commission for enhanced sanctions on a first time violation. They assert the district court erroneously interpreted Rule 408.

■ We first note that it was the Commission that imposed the fine and suspension. Although the Stewards recommended such fine and suspension, it was the Commission that actually imposed the punishment. Thus, we begin our review by looking at the Commission's authority to impose fines and suspensions as granted by the Legislature.

The Commission was established by the Oklahoma Horse Racing Act (Act), 3A O.S.Supp.1983, § 200 et seq., and was authorized, among other things, to promulgate rules and regulations for the suspension of licenses to horse trainers such as Butler. 3A O.S.Supp.1989, § 204(A)(6). Moreover, § 204(B) permits the Commission to delegate to the Stewards any powers or duties the Commission deems necessary to fully implement and effectuate the purposes of the Act. In promulgating rules and regulations, the Commission delegated to the Stewards the power and duty to adjudicate violations of the Rules of Racing by trainers. It is under this delegated power that the Stewards called a hearing and heard evidence on Butler's alleged violation.

In addition, 3A O.S.Supp.1989, § 204(A)(17) authorizes the Commission to suspend or revoke a license or impose fines in amounts up to Ten Thousand Dollars

($10,000.00) or impose both a fine and suspension *"for each violation* of any provision of the Oklahoma Horse Racing Act, *any rules or regulations adopted by the Commission,* or any order of the Commission." 3A O.S.Supp. 1989, § 204(A)(17) (Emphasis added). Hence, under the Act, the Commission had the power to revoke Butler's license, suspend his license, fine him up to $10,000.00 or both fine him and suspend him. The Commission opted to suspend Butler for five years and impose a fine of $5,000.00, each of which was clearly within the authority granted in § 204(A)(17).

Moreover, Rule 409 of the Rules of Racing (now renumbered 325:1–1–8) authorizes the Stewards to refer any matter to the Commission. It reads:

"The Stewards may refer with or without recommendation any matter within their jurisdiction to the Commission."

■ The use of the term "may" in authorizing the Stewards to refer matters to the Commission indicates that such referrals are permissive and not mandatory. *State ex rel. Cartwright v. Oklahoma Natural Gas Co.,* 640 P.2d 1341 (Okla.1982). Thus, the Stewards have the discretion to refer any matter within their jurisdiction to the Commission, and the referral may be made with or without a recommendation. There is no question that the matter involving Butler was within the jurisdiction of the Stewards. Consequently, the Stewards did not overstep their jurisdiction by referring the matter to the Commission with a recommended punishment.

In addition, where a trainer's racing record contains at least one prior violation, any subsequent violation *must* be referred by the Stewards to the Commission with a recommendation as to fines and suspensions which exceed the Stewards' jurisdictional authority. Rules of Racing Rule No. 408, *supra.*[6] The district court took this to mean that on sub-

---

6. The Stewards *must* refer subsequent violations because Rule 408 states that under those circumstances the person "shall" be referred. The term

"shall" is a word of command or mandate which "denotes exclusion of discretion and signifies an enforceable duty, especially when addressed to

sequent violations the Commission determines the punishment but when a trainer is found to have committed his first violation, the Stewards have exclusive jurisdiction to impose sanctions. Thus, the District court held:

> "Inasmuch as the Licensee has only one rule violation, pursuant to Rule 408, the maximum punishment which *shall* be assessed is suspension for a period of one year from the alleged violation, and a fine of $2,500.00." (Emphasis in original)

However, such a holding ignores the fact that the Stewards may refer any matter to the Commission pursuant to Rule 409 as noted above. Moreover, it disregards the authority granted to the Commission by 3A O.S.Supp.1989, § 204 to suspend or revoke a trainer's license or impose a fine up to $10,000.00 for *each* violation of the Rules of Racing. Consequently, the district court erred in modifying the order of the Commission and reducing the fine and suspension. The Stewards committed no error in referring the matter to the Commission with a recommendation to impose sanctions exceeding the Stewards' jurisdictional limits. Additionally, the Commission did not err in adopting the findings and conclusions of the Stewards on referral nor in imposing the recommended assessment of a five year suspension and a $5,000.00 fine.

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED and the judgment of the district court is REVERSED and REMANDED with instructions to reinstate the order of the Oklahoma Horse Racing Commission.

All the Justices concur.

public officials." *Davis v. Davis*, 708 P.2d 1102, 1107 fn. 23 (Okla.1985).